UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KY NGO, | No. 2:17-cv-1815 AC P |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| K. SEIBEL, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF No. 4.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 2. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner challenges a rules violation report that he was issued that resulted in the loss of ninety days of time credits. ECF No. 1 at 1; ECF No. 1-1 at 65-66, 73. However, it appears that petitioner is serving an indeterminate sentence and there is no indication that he has been found suitable for parole or has a parole date already set that will be affected by the credit forfeiture. ECF No. 1-1 at 4. In order for the court to have habeas jurisdiction over his claim, success on the

petition must necessarily result in petitioner's speedier release. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

The Ninth Circuit held in Nettles that if success on the merits of a petitioner's challenged disciplinary proceeding will not *necessarily* impact the fact or duration of his confinement, the claim does not fall within "the core of habeas corpus" and therefore may not be brought in habeas. 830 F.3d at 934-35. Actions that lie at the core of habeas corpus are those in which an inmate "is challenging the very fact or duration" of his imprisonment and "the relief sought is a determination that he is entitled to immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The court found it did not have jurisdiction over Nettles' claim because it did not lie at the core of habeas corpus. Nettles, 830 F.3d at 934-35. It reasoned that because he was indeterminately sentenced, expungement of the challenged disciplinary conviction would not necessarily lead to a shorter sentence because even without the disciplinary conviction the parole board could still deny parole on other grounds available to it. Id.

Success on the merits of a challenged disciplinary conviction will necessarily impact the fact or duration of an inmate's claim if it will result in speedier or immediate release. Id. at 935. Thus, petitioner's claim may only be brought in habeas if expungement of his disciplinary conviction will necessarily result in a speedier or immediate release. In order to show the court it has jurisdiction over his claim, petitioner must explain how expungement of the challenged disciplinary conviction will necessarily result in his immediate or speedier release. For example, if petitioner has a set parole date, restoration of the ninety days of credit would result in a shorter sentence. If petitioner has not already been found suitable for parole it is insufficient to state that the ninety days of time credit will result in speedier release once he is finally approved for parole. Similarly, it is also insufficient to state that expungement of the disciplinary conviction will lead to speedier release because without that conviction on his record the parole board is more likely to recommend him for parole. In order for the claim to lie at the core of habeas corpus there must be an actual change in the length of petitioner's sentence, not just the possibility that success on the merits could impact the length of his sentence.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Within thirty days of service of this order, petitioner shall show cause why his petition should not be dismissed for lack of jurisdiction. Failure to comply with this order will result in dismissal of the petition.

DATED: September 1, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE