UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KY NGO,<br><br>    Petitioner,<br><br>    v.<br><br>K. SEIBEL,<br><br>    Respondent. | No. 2:17-cv-1815 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges a prison disciplinary proceeding that resulted in the loss of ninety days of time credits. ECF No. 1 at 1; ECF No. 1-1 at 65-66, 73.

The petition indicates that petitioner is serving an indeterminate sentence, ECF No. 1-1 at 4, and contains no allegation or evidence that he has been found suitable for parole or has a set parole date. Because it therefore appears from the face of the petition that success on the merits would not necessarily result in petitioner's speedier release, petitioner was ordered to show cause why the petition should not be dismissed for lack of jurisdiction. ECF No. 7. The court explained that "[t]he Ninth Circuit held in Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc)] that if success on the merits of a petitioner's challenged disciplinary proceeding will not *necessarily* impact the fact or duration of his confinement, the claim does not fall within 'the core of habeas corpus' and therefore may not be brought in habeas." ECF No. 7 at 2. It was

1

further explained that if petitioner was indeterminately sentenced, then "expungement of the challenged disciplinary conviction would not necessarily lead to a shorter sentence because even without the disciplinary conviction the parole board could still deny parole on other grounds available to it." Id. (citing Nettles, 830 F.3d at 934-35).

Petitioner was advised that in order to establish this court's jurisdiction, he must explain how expungement of the challenged disciplinary conviction would necessarily result in his immediate or speedier release. Id. He was further warned that if he had not already been found suitable for parole, it was insufficient as a matter of law to state that the ninety days of time credit would result in speedier release once he was finally approved for parole, or that expungement of the disciplinary conviction would lead to speedier release because without that conviction on his record the parole board would be more likely to recommend him for parole. Id.

In responding to the order to show cause, petitioner argues that changes to the law in California, which make it easier to obtain a grant of parole, have made grants to indeterminately sentenced inmates "as tangible as any determinate sentence." ECF No. 13 at 2. He also argues that without the disciplinary violation on his record, the parole board would be more likely to find him suitable for parole. Id. at 2-3.

In arguing that changes in the law make his claim cognizable in habeas, petitioner relies on In re Butler, 236 Cal. App. 4th 1222 (2015), which required the setting of base terms and adjusted base terms for life term inmates, and the changes to the youth offender laws (Senate Bills 260 and 261) that require the parole board to give greater weight to the diminished capacity of youthful offenders. However, neither of these changes in the law mandates a parole suitability finding in a prisoner's favor at any particular time, or converts an indeterminate sentence into a determinate one. Id. at 1242-44 (discussing purpose of setting base terms); People v. Franklin, 63 Cal. 4th 261, 277-78 (2016) (explaining that the purpose of Senate Bill 260 was to bring California law in compliance with Miller v. Alabama, 567 U.S. 460 (2012), and made juvenile offenders eligible for parole consideration during their fifteenth, twentieth, or twenty-fifth year of incarceration, depending upon their controlling offense); In re Jenson, 24 Cal. App. 5th 266, 277 (2018) (noting that Senate Bill 261 extended the provisions of Senate Bill 260 to individuals who

were up to twenty-three years old at the time they committed their offense). Furthermore, the California Supreme Court has since overturned Butler and relieved the Board of Parole Hearings from calculating base terms and adjusted base terms. In re Butler, 4 Cal. 5th 728, 748 (2018).

Petitioner's response confirms that he is indeterminately sentenced, and that expungement of his disciplinary conviction makes a grant of parole more likely, at most. There is no indication that success on this petition will necessarily result in petitioner's speedier release, and this court therefore lacks habeas jurisdiction. Nettles, 830 F.3d at 935.

The court further declines to offer petitioner the option to convert his claims to an action under 42 U.S.C. § 1983. The petition alleges that prison officials violated petitioner's due process rights by filing two separate rules violations arising out of the same incident: one for possession of a cellular telephone and one for gambling/bookmaking. ECF No. 1 at 6; ECF No. 1-1 at 10-11. However, prisoners are afforded only limited due process rights in the context of prison disciplinary proceedings, and petitioner's allegations do not allege a violation of those limited rights. See Wolff v. McDonnell, 418 U.S. 539, 563-66, 570-71 (1974) (required due process includes twenty-four-hour advanced written notice of charges, written statement of evidence and reasons for disciplinary action, opportunity to call witnesses and present evidence if not a hazard to safety, assistance at the hearing if prisoner is illiterate or matter is complex, and sufficiently impartial fact finder); Superintendent v. Hill, 472 U.S. 445, 454 (1985) (finding of guilt must be "supported by some evidence in the record").

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

////

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed for lack of jurisdiction.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE